**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1768
_____

GREGORY THOMAS,
                                        Appellant

v.

MICHAEL CLARK, Superintendent; PATRICIA THOMPSON, Major; D. VARNER,
Grievance Officer; CHIEF OF BHCS, Clinical Services

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:21-cv-00230)
District Judge: Honorable Richard A. Lanzillo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on June 29, 2023

Before:  HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: July 20, 2023)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gregory Thomas, proceeding in forma pauperis, appeals from the District Court's judgment in favor of Defendants in this 42 U.S.C. § 1983 action. Since Thomas does not present a substantial question, we will summarily affirm.

I.

Thomas alleges that Defendants violated his First Amendment rights through a prison regulation involving the deletion of phone numbers that appeared on two or more inmates' phone lists. Thomas, who suffers from a skin disease known as acne keloids, also alleges a violation of his Eighth Amendment and Fourteenth Amendment rights due to the prison's alleged refusal to provide him with an electric razor. Defendants filed a motion for summary judgment, which the District Court granted. Thomas filed a motion for reconsideration, which the District Court denied. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n. 5 (3d Cir. 1992); see also Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). We exercise plenary review under § 1915(e)(B)(ii) with respect to the grant of summary judgment. See Allah v. Ricci, 532 Fed. App'x. 48, 50 (3d Cir. 2013); see also Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). We review for an abuse of discretion with respect to the denial of reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We must dismiss this appeal if we find that it is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(B)(i)-(ii). We may summarily affirm the District Court's order if we find that Thomas has not presented a substantial

2

question, or that subsequent precedent or a change in circumstances warrants such action. See 3d Cir. LAR 27. 4 and IOP 10.6.

## II.

To determine whether a prison regulation is reasonable, the Supreme Court has directed courts to use a test involving four factors: whether the regulation has a "valid, rational connection" to the legitimate interest justifying its use; whether prisoners possess alternative means of exercising their rights; how the accommodation of the asserted constitutional right will impact guards and other inmates as well as prison resources generally; and whether alternatives exist that fully accommodate the exercising of the asserted right while only bearing a de minimis cost to valid penological interests. See Turner v. Safley, 482 U.S. 78, 93 (1987).

The prison regulation at issue in this case called for the deletion of telephone numbers on inmates' list of approved numbers in cases in which those numbers were duplicated on other inmates' lists. Thomas argues that the deletion of phone numbers on his list violated his First Amendment rights. We disagree. We find no fault in the District Court's application of the Turner test in this case, including its conclusions that the regulation was rationally connected to a legitimate security interest—namely combating the abuse of the telephone system by a large number of prisoners, many of whom were affiliated with gangs—and that nothing in the record suggests the availability of a less restrictive option for advancing that interest. Similarly, nothing suggests that Thomas was unable to communicate with his contacts through alternative means such as emails or letters. The regulation also established a vetting process for authorizing the re-inclusion of duplicative

3

phone numbers on prisoners' contact lists, provided the numbers belonged to the prisoners' legitimate personal contacts. This administrative approval process for evaluating exceptions to the rule lends further support for the District Court's conclusion that the regulation was reasonable.

Turning to Thomas' Eighth Amendment claim, the District Court correctly noted that, to win on this claim, Thomas needed to establish "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016). Thomas received a prescription for a topical lotion, was medically cleared for an electric razor, and was offered an electric razor that had been ordered by the prison. Given these facts, we find no fault in the District Court's conclusions that Thomas failed to demonstrate that he possessed a serious medical need and that a case of acne keloids without any other complicating factors does not qualify.

Accordingly, we conclude that Thomas has not presented a substantial question and thus summarily affirm the District Court's order. In light of this conclusion, we hereby deny Thomas' motion for appointment of counsel.